WILSON v. LAWRENCE.

Opinion delivered July 12, 1902.

1. THREE-MILE LAW—INHABITANTS.—On a petition by inhabitants residing within three miles of a school house to set in force the three-mile prohibition law, a declaration of law by the court that any adult persons "who have a permanent or fixed place of abode for some *definite* period of time, for the purpose of labor or other work or business, is an inhabitant," is erroneous. (Page 547.)

2. SAME—INHABITANT DEFINED.—An inhabitant, within the three-mile law, is one who has a fixed place of abode, with no intention of removing elsewhere. (Page 548.)

Appeal from Sevier Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

*Scott, Lake & Head,* for appellants.

An inhabitant is a citizen. 10 Am. & Eng. Enc. Law, 770; 52 Ark. 164; 43 Ark. 549; 40 Ark. 296; 5 Fed. Rep. 527; 34 Fed. Rep. 819; 57 *id.* 529; 129 U. S. 315; 24 So. Rep. 680; 36 N. J. L. 368; 59 N. E. 619; 62 Pac. Rep. 194; 81 Ill. 541; 36 S. W. 1129; 88 Fed. Rep. 227; 5 Fed Rep. 145.

*F. H. Taylor,* for appellees.

The petition must contain a majority of the inhabitants. 56

Ark, 110; 51 Ark. 159. The construction of the word *"inhabitant"* is governed by the connection in which it is used. 16 Am. & Eng. Enc. Law (2d Ed.), 328; 27 Conn. 9; 5 Mason, 35; 3 Ill. 377; 122 Mass. 594; 90 Fed. Rep. 6; 36 Conn. 85; 4 Ala. 622; 6 Pet. 761; 4 Harr. (Del.), 383; 6 Am. & Eng. Enc. Law (2d Ed.), 14; 10 *id.* 18; 43 Ark. 550. No definite period of residence is required. Minor, Confl. Laws, §§ 60, 21; *id.* 124.

BUNN, C. J. On the first day of January, 1902, petitioners, W. A. Wilson *et al.*, filed their petition in the Sevier county court, under the statute, praying that the court make an order forbidding the sale or giving away of any intoxicating liquors of the kind as named in the statute within three miles of the Horatio school house, situated in southwest quarter of southwest quarter of section 31, township 9 south, range 31 west, in the town of Horatio, Sevier county, Arkansas. Thereupon S. R. Lawrence *et al.* asked to be made parties to the proceeding, and, on leave being granted, they filed their remonstrance. On the 6th day of January, 1902, the county court sustained the petition of the prohibitionists, and the remonstrants appealed to the circuit court, where they succeeded in obtaining judgment in their favor and against the prohibitionists, thus setting aside the judgment of the county court. The petitioners for the prohibition order then appealed to this court.

The sole question in the case is as to the relative number of signers of the petition to the whole adult population qualified to vote on the question. It was agreed that there were 374 names signed to the petition for prohibition. The remonstrants had in the meantime caused a census of the "adult inhabitants" of the territory embraced within the statutory three miles to be taken, and the same was presented to the circuit court on the trial of the cause *de novo* on appeal from the county court.

The statute on the subject is as follows, to-wit:

Section 4877, Sandels & Hill's Digest: "Whenever the adult inhabitants residing within three miles of any school house, academy, college, university, or other institution of learning, or of any church house in this state, shall desire to prohibit the sale or giving away of any vinous, spirituous or intoxicating liquors of any kind, or alcohol, or any compound or preparation thereof, commonly called tonics or bitters, and a majority of such inhab-

itants shall petition the county court of the county wherein such institution of learning or church house is situated, praying that the sale or giving away of the intoxicating liquors and alcohol enumerated in the premises be prohibited within three miles of any such institution of learning or church house, said county court, upon being satisfied that a majority of such inhabitants have signed such petition, shall make an order in accordance with the prayer thereof, and thereafter, for a period of two years, it shall be unlawful for any person to vend or give away any spirituous, vinous, or intoxicating liquors of any kind, or alcohol, or any preparation thereof, commonly called tonics or bitters, within the limits aforesaid.

" Sec. 4878. For the purposes of this act females, as well as males, are competent subscribers to the petition herein provided for."

According to the findings and judgment of the circuit court, the petition of the prohibitionists contained 374 legal signers. In fact, this was in the agreed statement of facts. The circuit court also found that there were 749 in the district authorized to petition or vote on the question, and therefore that the prohibition petition lacked one of containing a majority of such inhabitants of the district.

The contention of the appellants here is that many of the persons who signed the remonstrance were not qualified to sign the same, were not qualified adult inhabitants within the district, and that the names of such should be taken from the whole number as alleged, and that, if that were done, the majority of the whole would be less than 374, and in such case the judgment should be reversed, and rendered for appellants. Appellants designate persons who were not competent according to their contention, and there is evidence on the subject.

The circuit court made its declaration of law, defining the phrase "adult inhabitants," as used in the statute, which was expressed in the following language, to-wit: " Adult inhabitants, within the meaning of the law, means all males over the age of 21 years and females over the age of 18 years, in a certain territory, as applied to the so-called 'three-mile law.' That any of said persons, who have a permanent or fixed place of abode for some definite period of time, for the purpose of labor or other work or business, is an inhabitant of the district or territory in

which they reside for the purpose of performing said labor or carrying on and conducting said other work or business, though such persons may work by the month or day and board with the family of another."

There is a controversy between counsel for the parties as to whether the word "definite" or indefinite" was used by the court in connection with the word period; one charging that the particle "in" had been inserted in the transcript since the declaration of law was made. But the circuit clerk's response to the writ of certiorari out of this court has settled that controversy, and we conclude that the word employed by the court in its declaration of law was "definite," and not "indefinite," as qualifying the period of time referred to in that connection.

Now, for one to reside or stay or remain in a locality for a definite period of time only it is meant that he will go away as soon as that period has expired, whether it be for a day, a week, a month, or a year. He is a mere sojourner, and has no general interest in voting to establish police rules and regulations for the community's government and the protection of its society. Such a definition includes the whole catalogue of transient persons, only restricted by other words used in the declaration of law, such as make it requisite that in order to be competent one shall be engaged in some kind of work or labor or business. The purpose for which one is in a district, provided it be a lawful one, has little to do with the question. An adult inhabitant should have a domicil, a permanent and fixed place of abode, as said in the declaration, with an evident intention to remain, unless the unknown exigencies of life should call him to reside elsewhere.

No exact definition can be given to the word "inhabitant," as applicable to all cases. " The word 'inhabitant,' " said this court in *Brown* v. *Rushing, ante,* 111, "has many meanings. It has been construed to mean an occupier of lands; a resident; a permanent resident; one having a domicil; a citizen; a qualified voter. Its construction has generally been governed by the connection in which it is used." Thus in *Walnut* v. *Wade,* 103 U. S. 683, an inhabitant was held to be a legal voter, because, in the statute involved in that litigation, it was provided that a majority of the inhabitants of a town, to be ascertained by an election, might authorize the issuance of bonds to aid in the construction of railroads. The court, in effect, held that the election referred

to was an ordinary election of the legal voters of the town, and, that being true, the inhabitants referred to were the same as legal voters.

The declaration of law, by the use of the word "definite," was too general, and let in persons who in no sense could be denominated adult inhabitants, as contemplated in the statute, and for this error the judgment is reversed, and the cause is remanded with directions to ascertain the number of the adult inhabitants in the district at the time the petition was filed in the county court, and, if the 374 petitioners admitted to be competent were in fact a majority of the whole number, then to find for the petitioners, and to make the necessary orders in relation thereto. Otherwise, to find for the remonstrants.

Reversed.